(78 South. 441)

No. 21259.

HYDE et ux. v. TEXAS & P. RY. CO.

(April 1, 1918.)

*(Syllabus by Editorial Staff.)*

1. RAILROADS ☞398(3)—INJURY ON TRACK—
NEGLIGENCE.

In an action for damages for the death of plaintiffs' son, who was run over by defendant's train while he was asleep beside the track, evidence *held* not to show that the engineer was negligent in failing to see deceased in time to avoid the accident.

2. RAILROADS ☞367 — INJURY ON TRACK —
FAILURE TO WHISTLE.

In such case, even though the engineer's failure to blow the whistle when he saw deceased asleep beside the track was an error of judgment, he would not be considered at fault in such an emergency.

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Calvin K. Schwing, Judge.

Action by William H. Hyde and wife against the Texas & Pacific Railway Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Hundley & Hawthorn, of Alexandria, for appellants. Albin Provosty, of New Roads, and Howe, Fenner, Spencer & Cocke, of New Orleans, for appellee.

O'NIELL, J. [1] The plaintiffs have appealed from a judgment rejecting their demand for damages for the death of their son. He was run over and fatally injured by a passenger train of the defendant company, while he was asleep, with two other boys, beside the railroad track.

The basis of the plaintiffs' claim is their averment that the engineer of the train was guilty of negligence in failing to see the boys beside the track in time to avoid the accident, and in failing to sound an alarm when he did see them.

The plaintiffs' son was 14 years of age, and the other boys were near that age. As their negligence in lying down so close to the railroad track ended when they fell asleep, the question of liability depends upon whether the engineer had an opportunity to avoid injuring them. Our conclusion from the evidence is that he had not. Clouds of dust and a bank of cinders prevented his seeing the boys, or recognizing that they were living beings, until it was too late to stop the train before reaching them. The engineer did not then sound an alarm, because he believed the boys were in the clear, and he feared that arousing them suddenly might cause them to move involuntarily into danger. He applied the emergency brake and stopped his train as quickly as it could have been stopped, at the same time waiving to the boys to remain lying down. When the train had stopped, one of the boys was yet asleep. Another had slid away from the track. The plaintiffs' son had been struck by some projecting part of the train and was unconscious.

[2] We doubt that the failure of the engineer to blow the whistle when he saw the boys asleep beside the track was an error of judgment; and, if we thought it was, we would not consider it his fault in such an emergency.

The judgment appealed from is affirmed.